IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| DAMIEN JAVON PIERCE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 122-049 |
| | ) | |
| SAMUEL A. EMAS and | ) | |
| JARED WILLIAMS, | ) | |
| | ) | |
| Defendants. | ) | |

_____

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**
_____

Plaintiff, a pretrial detainee at Charles B. Webster Detention Center in Augusta, Georgia, is proceeding *pro se* and *in forma pauperis* ("IFP") in this case filed pursuant to 42 U.S.C. § 1983. Because Plaintiff is proceeding IFP, his complaint must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984) (*per curiam*); Al-Amin v. Donald, 165 F. App'x 733, 736 (11th Cir. 2006) (*per curiam*).

I.    **SCREENING THE COMPLAINT**

A.    **BACKGROUND**

Plaintiff names Attorney Samuel A. Emas and District Attorney Jared Williams as Defendants. (Doc. no. 1, p. 1.) Taking all of Plaintiff's allegations as true, as the Court must for purposes of the present screening, the facts are as follows. In September 2021, Plaintiff retained Mr. Emas to represent him in a Georgia state criminal case, and Mr. Emas assured Plaintiff his case "was a good one to dismiss." (Id. at 5.) Mr. Emas promised to suppress Defendant's incriminating statements, "change the Judge" assigned to Plaintiff's case, and request a bond

hearing.  (Id.)  Plaintiff terminated the representation because Mr. Emas never followed through on his promises.  (Id.)  Mr. Emas continued to withdraw money from Plaintiff's account after Plaintiff terminated the representation.  (Id.)

District Attorney Williams has failed to dismiss the defective indictment.  (Id. at 8.) Plaintiff contends that, because the aggravated sexual battery charge in Count 1 was dismissed in May 2021 as time-barred, the Count 2 charge for child molestation also fails for a number of legal reasons, including that Count 2 is no longer supported by the facts alleged in support of Count 1. (Id. at 8-9.)  Plaintiff filed grievances through the jail administration and was told to resolve the issue "with the courts."  (Id. at 3.)  For relief, Plaintiff seeks dismissal of the indictment, complaint, and supporting affidavit.  (Id. at 6.)

### B.    DISCUSSION

#### 1.    Legal Standard for Screening

The complaint or any portion thereof may be dismissed if it is frivolous, malicious, or fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune to such relief.  See 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).  A claim is frivolous if it "lacks an arguable basis either in law or in fact."  Neitzke v. Williams, 490 U.S. 319, 325 (1989).  "Failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6)."  Wilkerson v. H & S, Inc., 366 F. App'x 49, 51 (11th Cir. 2010) (per curiam) (citing Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997)).

To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations in the complaint must "state a claim to relief that is plausible on its face."  Bell Atl.

Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. While Rule 8(a) of the Federal Rules of Civil Procedure does not require detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678. A complaint is insufficient if it "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" or if it "tenders 'naked assertions' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 555, 557). In short, the complaint must provide a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" Twombly, 550 U.S. at 557 (quoting Fed. R. Civ. P. 8(a)(2)).

Finally, the Court affords a liberal construction to a *pro se* litigant's pleadings, holding them to a more lenient standard than those drafted by an attorney. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (*per curiam*); Haines v. Kerner, 404 U.S. 519, 520 (1972) (*per curiam*). However, this liberal construction does not mean that the Court has a duty to re-write the complaint. Snow v. DirecTV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006).

### 2. No Claims Against District Attorney Williams and Attorney Emas

"A prosecutor is immune from liability under § 1983 for his actions 'in initiating a prosecution and in presenting the State's case,' and for actions that are 'intimately associated with the judicial phase of the criminal process.'" Mikko v. City of Atlanta, 857 F.3d 1136, 1142 (11th Cir. 2017) (quoting Imbler v. Pachtman, 424 U.S. 409, 430-31 (1976)). This absolute immunity shields prosecutors from liability for "actions taken . . . in their role as

3

advocates." <u>Rehberg v. Paulk</u>, 566 U.S. 356, 363 (2012). "The prosecutorial function includes the initiation and pursuit of criminal prosecution, and most appearances before the court . . . ." <u>Rivera v. Leal</u>, 359 F.3d 1350, 1353 (11th Cir. 2004) (citations omitted).  Because all of the alleged acts and omissions by Mr. Williams are associated with his role as a prosecutor in the judicial phase of the criminal process, he is entitled to immunity

Plaintiff also fails to state a claim against his attorney, Mr. Emas, because private attorneys and public defenders "are not state actors for purposes of § 1983." <u>Rolle v. Glenn</u>, 712 F. App'x 897, 899 (11th Cir. 2017) (*per curiam*) (citing <u>Polk Cnty. v. Dodson</u>, 454 U.S. 312, 325 (1981)).

### 3. The Court Should Abstain under <u>Younger</u>

Even if Plaintiff had asserted valid claims against Messrs. Williams and Emas, the case should still be dismissed out of deference to the state criminal proceeding.  The question of whether a federal court should abstain from interfering with a state judicial proceeding under the principle of <u>Younger v. Harris</u>, 401 U.S. 37 (1971), must be considered in three parts: "first, do [the proceedings] constitute an ongoing state judicial proceeding; second, do the proceedings implicate important state interests; and third, is there an adequate opportunity in the state proceedings to raise constitutional challenges." <u>31 Foster Children v. Bush</u>, 329 F.3d 1255, 1274 (11th Cir. 2003).  Furthermore, while <u>Younger</u> involved a federal suit seeking equitable relief in the form of an injunction of the ongoing state proceedings, <u>Younger</u> abstention extends to cases involving § 1983 claims for damages. <u>See</u> <u>Boyd v. Georgia</u>, 512 F. App'x 915, 917-18 (11th Cir. 2013) (affirming dismissal without prejudice, pursuant to <u>Younger</u> abstention, of § 1983 complaint seeking monetary damages).

All three factors weigh in favor of abstention.  First, Plaintiff plainly alleges the underlying criminal proceedings are ongoing.  Second, the state proceeding implicates an important state interest in criminally prosecuting felony offenses.  Absent "extraordinary circumstances," federal courts should not intervene in state criminal prosecutions.  <u>Younger</u>, 401 U.S. at 45.  Third, Plaintiff has not established the state proceeding would fail to provide an adequate remedy for his federal claim.  <u>See</u> <u>31 Foster Children</u>, 329 F.3d at 1279.  Indeed, Plaintiff can raise all arguments in support of the equitable relief he seeks in the context of his criminal proceedings.  Thus, Plaintiff has not satisfied his burden of showing the state proceeding cannot provide an adequate remedy for his claims.

For these reasons, the Court should abstain under <u>Younger</u>, and this case should be dismissed without prejudice.  <u>See</u> <u>Jackson v. Georgia</u>, 273 F. App'x 812, 813-14 (11th Cir. 2008) (affirming *sue sponte* dismissal due to <u>Younger</u> abstention); <u>Smith v. Mercer</u>, 266 F. App'x  906, 908 (11th Cir. 2008) (noting that "[a] dismissal pursuant to the <u>Younger</u> doctrine is without prejudice, and does not preclude later re-filing of the complaint").

## II.   CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** Plaintiff's claims be dismissed for failure to state a claim upon which relief may be granted.

SO REPORTED and RECOMMENDED this 7th day of June, 2022, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

5